NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1066

GILBERT P. HYATT,

Plaintiff-Appellant,

v.

David Kappos, DIRECTOR, PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

Appeal from the United States District Court for the District of Columbia in case no. 03-CV-901, Judge Henry H. Kennedy, Jr.

Before MICHEL, Chief Judge, NEWMAN, MAYER, LOURIE, RADER, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, Circuit Judges.

PER CURIAM.

O R D E R

Plaintiff-Appellant Gilbert P. Hyatt filed a combined petition for panel rehearing and rehearing en banc. Action on the petition for rehearing en banc was deferred until the panel that heard the appeal had an opportunity to consider the request for panel rehearing. The panel requested a response to Hyatt's petition from Defendant-Appellee, the Director of the Patent and Trademark Office. A response was filed. On unopposed motion, the New York Intellectual Property Law Association filed a brief as amicus curiae in support of Plaintiff-Appellant's petition.

The petition for rehearing was considered by the panel that heard the appeal, and thereafter the petition for rehearing en banc, the response to the petition, and the amicus brief were referred to the circuit judges who are authorized to request a poll on

whether to rehear the appeal en banc. A poll was requested and taken, and the court has decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)    The petition of Plaintiff-Appellant Gilbert P. Hyatt for panel rehearing is denied.

(2)    The petition of Plaintiff-Appellant Gilbert P. Hyatt for rehearing en banc is granted.

(3)    The court's August 11, 2009 opinion is vacated, and the appeal is reinstated.

(4)    The parties are requested to file new briefs addressing at least the following issues:

    (a)    Are there any limitations on the admissibility of evidence in section 145 proceedings? In particular—

       (i)    Does the Administrative Procedure Act require review on the agency record in proceedings pursuant to section 145?

      (ii)    Does section 145 provide for a de novo proceeding in the district court?

     (iii)    If section 145 does not provide for a de novo proceeding in the district court, what limitations exist on the presentation of new evidence before the district court?

    (b)    Did the district court properly exclude the Hyatt declaration?

(5)    This appeal will be heard en banc on the basis of the originally filed briefs, additional briefing ordered herein, and oral argument. An original and thirty copies of all originally-filed briefs shall be filed within forty-two (42) days from the date of filing of this order. An original and thirty copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. The Plaintiff-Appellant shall file his new en banc brief within forty-two (42) days from the date of filing of this order. The response brief of the Defendant-Appellee is due within twenty-eight (28) days from the date of service of the Plaintiff-Appellant's brief. The Plaintiff-Appellant's reply brief, if any, is due within fourteen (14) days from the date of service of the response. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(6)    Briefs of amici curiae will be entertained, and any such amicus briefs may be filed without leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7)    Oral argument will be held at a time and date to be announced later.

                                        FOR THE COURT

February 17, 2010                       /s/ Jan Horbaly_____
        Date                            Jan Horbaly
                                        Clerk

cc:    Michael L. Martinez, Esq.
       Raymond T. Chen, Esq.
       Mark J. Abate, Esq.

2007-1066                    - 3 -